CYNTHIA S. ARATO (State Bar No. 156856)
SHAPIRO ARATO LLP
500 Fifth Avenue, 40th Floor
New York, New York 10110
Tel:  (212) 257-4880
Fax:  (212) 202-6417
carato@shapiroarato.com

Counsel for Plaintiffs Lucasfilm Ltd. LLC
and Lucasfilm Entertainment Company Ltd. LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>Ren Ventures Ltd. and Sabacc Creative Industries Ltd.,<br><br>*Defendants*. | No. _____<br><br>**COMPLAINT FOR:**<br>**(1) COPYRIGHT INFRINGEMENT**<br>**(2) INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS**<br>**(3) TRADEMARK INFRINGEMENT**<br>**(4) CANCELLATION OF FEDERAL TRADEMARK REGISTRATION**<br>**(5) UNFAIR COMPETITION**<br>**(6) COMMON LAW TRADEMARK INFRINGEMENT**<br>**(7) COMMON LAW UNFAIR COMPETITION**<br>**(8) CALIFORNIA UNFAIR COMPETITION LAW**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Lucasfilm Ltd. LLC ("Lucasfilm") and Lucasfilm Entertainment Company Ltd.

LLC ("Lucasfilm Entertainment") (collectively, "Plaintiffs") bring this Complaint against

Defendants Ren Ventures Ltd. ("Ren Ventures") and Sabacc Creative Industries Ltd. ("Sabacc

Creative") (collectively, "Defendants").  Plaintiffs allege on personal knowledge as to

themselves, and information and belief as to the actions of others, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs file this action to remedy Defendants' infringement of their intellectual

property rights in various elements of their *Star Wars* franchise.

2.      Ever since the 1977 release of the blockbuster motion picture *Star Wars*, fans

have been captivated by the fictional universe created by Plaintiffs.  The elements of the *Star*

*Wars* universe, including its fanciful characters, extraterrestrial locations, alien creatures,

spaceships, and games, are immensely popular and have come to symbolize Plaintiffs and their

*Star Wars* franchise in the eyes of the public.  These elements have been highlighted in the

numerous Star Wars movies, television series, books, and comic books created over the last four

decades.

3.      One element of the *Star Wars* franchise is "Sabacc," a fictional card game

that dates back to 1978 and helps frame the *Star Wars* story.  Sabacc plays an important role in

the *Star Wars* franchise, most notably because it was the means by which the character Han Solo

won his spaceship, the *Millennium Falcon*, from Lando Calrissian.  Fans of *Star Wars*

understand and acknowledge the significance of Sabacc in the *Star Wars* franchise, and they

associate Sabacc with Plaintiffs.

4.      Fully aware of these facts, in 2015, Defendants were incorporated on the eve of

the release of the motion picture *Star Wars The Force Awakens* and released a mobile game app

under the name "Sabacc."  Defendants have named their mobile game app "Sabacc" in order to

create confusion among consumers regarding the connection, authorization, and affiliation

between the Sabacc mobile app and Plaintiffs and their *Star Wars* franchise.  In fact, Plaintiffs

have no affiliation with Defendants and have not authorized Defendants' use of Sabacc. Defendants also intentionally seek to create confusion among the public regarding their product's connection to *Star Wars* through their advertising and promotional materials, which use Plaintiffs' intellectual property without permission.  For example, Defendants' website, Facebook page, and other social media accounts  all display copyrighted images from *Star Wars* motion pictures and television episodes and quote copyrighted dialogue from these works.  Their social media promotions for the game reference Plaintiffs' well-known Star Wars trademarks. They even named one of their companies, Ren Ventures, after the *Star Wars The Force Awakens* character Kylo Ren.  Finally, Defendants have obtained a federal registration for the mark SABACC reflecting their intent to, among other things, harm Plaintiffs' own commercial exploitation of the *Star Wars* SABACC mark.

5.     Defendants' conduct unlawfully trades on Plaintiffs' goodwill, is likely to confuse consumers about the source of, and Plaintiffs' sponsorship or endorsement of, Defendants' products, and infringes on Plaintiffs' intellectual property rights.  Accordingly, Plaintiffs bring this action to halt Defendants' infringement and unlawful conduct.

## PARTIES

6.     Plaintiffs Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC are limited liability companies formed under the laws of California with their principal place of business located in San Francisco, California.

7.     Defendants Ren Ventures and Sabacc Creative are private limited companies formed under the laws of England and Wales with their principal place of business located in London, United Kingdom.

## JURISDICTION AND VENUE

8.      This is an action for, among other things, trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and copyright infringement arising under the Copyright Act, 17 U.S.C. § 101, *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, and 15 U.S.C. §§ 1116 and 1121.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

9.      Venue in this District is appropriate pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

10.      This Court has personal jurisdiction over Defendants Ren Ventures and Sabacc Creative because they have sold and advertised infringing products through mobile app stores for Apple and Google as well as interactive websites to consumers in the United States, including in California, and sought to register and did register the mark SABACC with the United States Patent and Trademark Office.

## INTRADISTRICT ASSIGNMENT

11.      This is an intellectual property action subject to a district-wide assignment pursuant to the Court's Assignment Plan.

## FACTUAL ALLEGATIONS

### A.      Plaintiffs' Star War Franchise

12.      In 1977, Lucasfilm released its blockbuster motion picture *Star Wars*, later retitled *Star Wars Episode IV: A New Hope*.  This success was followed by the release of *Star Wars Episode V: The Empire Strikes Back* (1980); *Star Wars Episode VI: Return of the Jedi* (1983); *Star Wars Episode I: The Phantom Menace* (1999); *Star Wars Episode II: Attack of the*

*Clones* (2002); *Star Wars Episode III: Revenge of the Sith* (2005); *Star Wars: The Clone Wars* (2008); *Star Wars Episode VII: The Force Awakens* (2015); *Rogue One: A Star Wars Story* (2016); and *Star Wars: The Last Jedi* (2017).

13.    *Star Wars* products and services also have included books since as early as 1980 and television series since 1985.  Recent television series include *Star Wars: Clone Wars* (2008-2014) and *Star Wars Rebels* (2014-present), among other television programs.

14.    Plaintiffs and certain of their affiliated companies use, or license the use of, the characters, names, marks, and elements from the *Star Wars* franchise in connection with mobile applications, mobile games, card games, board games, computer games, video games, and online games, as well as a wide variety of other products and merchandise such as toys, books, clothing, bags, printed materials, mugs, and many other products.

**B.     The Sabacc Mark**

15.    One element of the *Star Wars* franchise is the Sabacc fictional card game.

16.    Sabacc is a made-up word coined for the *Star Wars* franchise.  It is an arbitrary and fanciful trademark and symbol of the *Star Wars* franchise.

17.    Sabacc (hereinafter the "Sabacc Mark" when referring to the name) originated in a draft screenplay, written in 1978, for the 1980 motion picture *Star Wars Episode V:  The Empire Strikes Back*.  In the screenplay, as Han Solo and Princess Leia hide from the pursuing forces of the Galactic Empire in their spaceship the *Millennium Falcon*, Han advises Leia that they should head for a gas mine that his friend Lando Calrissian won in a "sabacca game." "Sabacca" was later changed by Plaintiffs to "Sabacc" in the 1980 novelization of *The Empire Strikes Back*, in which Han tells Leia that they can escape the Imperial forces by going to Cloud City, a mining colony in the Bespin system run by Lando.  "A Tibanna gas mine," Han adds. "Lando won it in a sabacc match, or so he claims."

18.   Plaintiffs' Sabacc Mark next appeared in a trilogy of novels about Lando Calrissian published in 1983.  The first of these, *Lando Calrissian and the Mindharp of Sharu*, explains the unique rules of the Sabacc game.  The Sabacc deck comprises a number of face cards (including the Idiot, the Evil One, and the Star) and four suits of fifteen pip cards (Flasks, Sabers, Staves, and Coins).  It is a betting game in which the goal is to finish with a hand as close as possible to positive or negative 23 without going over.  At various intervals, the cards in a player's hand change at random (the "Sabacc shift") unless they are placed in an "interference field" that reveals their value to the other players.  The only hand that defeats a hand of positive or negative 23 ("Pure Sabacc") is a hand comprising the Idiot, a 2 card, and a 3 card (the "Idiot's Array").  The trilogy of novels also tells the story of how Lando Calrissian lost his spaceship, the *Millennium Falcon*, to Han Solo in a game of Sabacc.  The *Millennium Falcon* is the most significant and prominently featured spaceship in the original *Star Wars* trilogy of motion pictures and, consequently, the works that make up the *Star Wars* franchise have repeatedly referred to this fateful game of Sabacc.

19.   Plaintiffs have used the Sabacc Mark in commerce, including as the name of an element of *Star Wars* entertainment products.  Dozens of *Star Wars* products created or licensed by Plaintiffs have used the Sabacc Mark.  In the decades since the coining of "Sabacc" and continuing to the present day, Plaintiffs' and their licensees have used the Sabacc Mark on or in connection with card games, mobile games, video games, magazines, comic books, novels, television episodes, a live theme park experience, and a major motion picture.  Representative images of these uses are shown below and in Appendix A:

**Sabacc card game (1989):**



# Sabacc

## A Card Game of the *Star Wars* Galaxy

Design: **Michael Stern** with **Douglas Kaufman** and **Greg Gorden** • Editing: **Bill Slavicsek**
Card Designs: **Rosaria Baldari** • Graphics: **Cathleen Hunter** • Assistance: **C.J. Tramontana**, **Jonatha Caspian**

*Sabacc* is a game of skill and chance played in gambling halls and casinos across the *Star Wars* galaxy. It is the preferred game of infamous gambler Lando Calrissian, who participated in the most talked-about game ever. (That's the game in which he reportedly lost his ship, the *Millennium Falcon*, to the equally infamous Han Solo.)

To play *Sabacc*, you need this rules sheet, the sabacc deck, a six-sided die, and something to represent credits (peanuts, jelly beans, etc.).

## The Cards

*Sabacc* is played with a deck of 76 cards made up of four suits —*Sabres, Staves, Flasks, Coins* — and a set of *face cards*. (The six cards with the Exo Droid symbols on them are only used in the Crisis on Cloud City adventure.)

Each suit is made up of 11 regular cards (numbered 1-11) and four *ranked* cards; the *Commander*, the *Mistress* , the *Master*, and the *Ace* (numbered 12-15).

The set of face cards consists of 16 cards, each with a *negative value*. (You can have a hand which has a negative total in *Sabacc*.) In addition, each face card has a special name and symbol. There are two of each face card in the deck.

If this were the *Star Wars* galaxy, electronic pulses would randomly shift the faces of the cards until they were locked in by the player via a "neutral field". In our galaxy, we've included several mechanics which simulate the effect of wild randomness, while allowing for strategy.

## Rules of Play

The object of *Sabacc* is to have the highest card total which is less than or equal to *23*. A total which is over 23, under negative 23, or exactly zero is a *bomb out*, and requires the holder of the hand to pay a *penalty* (see below).

There are two *pots* to be won in the game of sabacc. A pot is the total amount of credits (*Star Wars* money) staked by all the players in one hand of the card game. Each pot should be set apart from the other in neat piles somewhere on the table. The first of the two pots is the *hand pot*, which is taken by the player who wins the hand. The second is the *sabacc pot*, which continually builds, and can only be won with a special hand (see below).

To start a game of *Sabacc*, choose one player to be the dealer of the first hand. Other players wishing to be dealt into a hand must first *ante* by placing one credit into the hand pot. Each player must also ante one credit into the sabacc pot if it is ever empty. This includes the very first hand of the game.

Each player takes a *turn* in order, beginning with the player to the dealer's left, that includes the phases listed below. Once a player has completed all the phases in the turn, it becomes the turn of the player on his or her left. When it comes up in the order.)

After every hand, the player to the left of the dealer becomes the new dealer.

Lucasfilm Ltd. LLC et al. v. Ren Ventures Ltd. et al.: Complaint

Sabacc card game (April 2015):[1]





_____

[1] The characters on the front of the product are part of the *Star Wars* fictional language Aurebesh and translate in
English to SABACC.

Lucasfilm Ltd. LLC et al. v. Ren Ventures Ltd. et al.: Complaint

*Star Wars:  Lando, Part V* (Oct. 2015):



*Chewbacca, Part I* **comic book (Oct. 2015):**





*Star Wars Rebels* episode "Idiot's Array" television series (Jan. 2015):



Inside Old Jho's, Zeb plays a high-stakes game of sabacc with a mysterious patron. Confident in his hand but short on credits, the Lasat wagers...

20.     Sabacc Mark, as a coined mark, is inherently distinctive and an inherently protectable trademark.  Moreover, as a result of the long and extensive use of the Sabacc Mark by Plaintiffs and their licensees, the Sabacc Mark has long been recognized by the public as uniquely associated with Plaintiffs and their *Star Wars* franchise.

21.     The timing of Defendants' formation and subsequent use of the Sabacc Mark indicates their intent to infringe Plaintiffs' rights and to create confusion among consumers regarding the source of their Sabacc mobile app.  Prior to Defendants' claimed "first use" of the mark SABACC, in 2015, Plaintiffs publicly announced that Lucasfilm was developing a new motion picture focused on Han Solo as a young man.  Star Wars fans and any interested observer would expect that the pivotal game of Sabacc between Lando and Han would be part of the new movie.  In fact, fans soon began to speculate about whether the movie would feature Sabacc.  In an article on *io9/Gizmodo* reporting that "The Han Solo Movie Will Include a Young Lando

Calrissian," the author remarked that "[w]e know Han and Lando have a long history and that

Lando lost the Falcon to Han in a sabacc game," and that she "want[ed] to see that game so

badly."[2]  *Newsweek*, too, reported that "Han won the Falcon in a card game called Sabacc in

Cloud City, but further details have yet to be given in the film."[3]

22.     The Sabacc Mark has been the subject of additional unsolicited media coverage.

For example, in an article about *Star Wars Episode VII: The Force Awakens*, the online

publication *The Verge* remarked that "Director J.J. Abrams [wa]s keeping his sabacc cards close

to his chest."[4]  And in an article entitled "Pure Sabacc wins again," entertainment website *The

A.V. Club* listed "Sabacc [from] *Star Wars*" as one of the top "fictitious pop-culture games with

convoluted rules."[5]

## C.     Other Lucasfilm Trademarks

23.     In addition to the Sabacc Mark, Plaintiffs own trademarks including common law

rights, trade names, registrations, and registration applications that incorporate or are comprised

of distinctive elements from and associated with Plaintiffs' motion pictures, television programs,

and other products (together with the Sabacc Mark, the "Lucasfilm Trademarks").  These include

well-known character names and images, the names of groups and organizations and their

identifying elements, spaceship names and images, and location names and images from the *Star

Wars* franchise, such as Lando Calrissian, Han Solo, Yoda, Chewbacca, C-3PO, Kylo Ren, Zeb,

the Bothans, the Trade Federation (and its Viceroy), the Millennium Falcon, and Cloud City.

24.     Each of these elements of the *Star Wars* universe has been used repeatedly in

connection with motion pictures, television series, publications, games, toys, and other

---

[2] https://io9.gizmodo.com/report-the-han-solo-movie-will-include-a-young-lando-c-1785174914
[3] http://www.newsweek.com/han-solo-star-wars-lando-chewbacca-670569
[4] https://www.theverge.com/2015/4/17/8439411/star-wars-episode-vii-force-awakens-resistance-first-order
[5] https://www.avclub.com/pure-sabacc-wins-again-22-plus-fictitious-pop-culture-1798228852

merchandise created or authorized by Plaintiffs.  Each of them is inherently distinctive and each is recognized as a source-identifier for genuine Lucasfilm products and services.

25.     The Lucasfilm Trademarks also include registered marks, such as the *Star Wars* name and logo and the name of the character Kylo Ren, who is the primary antagonist in the motion picture *Star Wars Episode VII: The Force Awakens*.  Copies of the registration certificates for these marks (the "Lucasfilm Registered Marks") are attached as Appendix B.

### D.     Lucasfilm's Copyrights

26.     Lucasfilm owns copyrights in the creative works constituting the *Star Wars* franchise (the "Lucasfilm Copyrights").  These include, but are not limited to, the following works infringed by Defendants:  (a) the motion picture *Star Wars Episode IV: A New Hope*; (b) the motion picture *Star Wars Episode V: The Empire Strikes Back*; (c) the motion picture *Star Wars Episode VII: The Force Awakens*; (d) the episode "Idiot's Array" from the television series *Star Wars Rebels*; (e) the character Han Solo; and (f) the character Lando Calrissian.

27.     The Lucasfilm Copyrights are covered by one or more registrations with the U.S. Copyright Office.  These registrations include, but are not limited to, the following:  PA 72-282, PA 172-810, PA 1-975-592, and PA 2-011-445.

### E.     Defendants' Infringing Conduct

28.     Defendants Ren Ventures and Sabacc Creative advertise, market, promote, produce, offer for distribution, and distribute a mobile game app under the infringing name Sabacc, which allows users to play an online card game as a single player or against others (the "Infringing Sabacc App").  Defendants distribute the app to consumers for free through the Apple App Store and Google Play store, but monetize it through "in-app purchases" or opportunities to spend money within the game.

29.     The Infringing Sabacc App prominently displays the Sabacc Mark.  It is titled "Sabacc – The High Stakes Card Game" in mobile app stores and is advertised with sample images that display the Sabacc Mark in bright, capitalized text and as part of a logo.  Once downloaded, the app appears on mobile devices with the designation "Sabacc."  Opening the app causes it to display several logos with the Sabacc Mark.  Representative images of the Infringing Sabacc App are shown in Appendix C.  Representative images of the Infringing Sabacc App page in the iPhone app store are shown below:



30.     The Infringing Sabacc App page in the Apple app store shown above makes repeated references to events, places, and well-known phrases from the *Star Wars* franchise such as:  (a) "From a Cantina far, far away to your mobile device, welcome to the world's largest Sabacc site."; (b) "[B]ecome a Cloud City legend!"; (c) "Go bust?  Don't worry, we won't take your ship!"  The page also features *Star Wars*-inspired imagery.

- 13 -
Lucasfilm Ltd. LLC et al. v. Ren Ventures Ltd. et al.: Complaint

31.     The Infringing Sabacc App page states "© Sabacc trademark used under license." This text falsely suggests that Sabacc Creative is licensing the Sabacc Mark from Plaintiffs and not from its own affiliated company that does not have any rights to the Sabacc Mark.

32.     The Infringing Sabacc App mimics the fictional Sabacc game from Plaintiffs' *Star Wars* franchise as well as the physical Sabacc card games previously licensed and authorized by Plaintiffs.  The names and values of the suits (Coins, Flasks, Sabres, Staves), face cards (e.g., the Evil One, the Star), and hands (e.g., Pure Sabacc, Idiot's Array) are identical; the goal is identical, i.e., to finish with as close as possible to positive or negative 23 without going over; and the mobile app includes the Star Wars-created "Sabacc shift," where the cards in the player's hand occasionally changes unless they are placed in the "interference field."  There can be no question that Defendants' mobile game is intended to, and does, copy and appropriate Plaintiffs' Sabacc game in order to capitalize on the goodwill of the Sabacc Mark and the *Star Wars* franchise.

33.     Defendants prominently display the Sabacc Mark on the Sabacc Creative website advertising and offering the Infringing Sabacc App (www.sabacccreativecom), Facebook page (https://www.facebook.com/sabacccreative) and social media accounts, including Twitter (https://twitter.com/sabacc_creative).  In addition, Defendants include quotations or paraphrased lines from Lucasfilm's copyrighted motion pictures, display images of copyrighted and trademark-protected characters from the *Star Wars* movies, television series and books, and display the Lucasfilm Marks.   Examples of such infringements are listed below and attached in Appendix C:

   a.     Defendants' website previously displayed a tutorial video that, among other things, displayed logos containing the Sabacc Mark, displayed images of Han Solo and Lando Calrissian playing Sabacc for the *Millennium Falcon*, displayed images of Chewbacca and C-3PO, and featured a speaker who described Sabacc

as "the social card game popularized by the *Star Wars* universe, and the means by which Han Solo won the *Millennium Falcon* from Lando."

b.    Defendants' Facebook and Twitter pages display, among other things, images from *Star Wars Episode VII: The Force Awakens* (stills of Kylo Ren, with the caption "Kylo approves"); *Star Wars Episode V: The Empire Strikes Back* (stills of Lando Calrissian and Yoda, along with paraphrased or quoted lines from that motion picture); and *Star Wars Rebels* (stills of the character Zeb losing a game of Sabacc to Lando Calrissian), as well as the *Star Wars* logo, repeated references to "*Star Wars*," an illustration of Lando wagering the *Millennium Falcon*, and other quotations from the motion pictures ("May the Force be with you," and "Many Bothans died to bring [you] this information.").

34.    Defendants have issued online press releases that make repeated references to the *Star Wars* franchise and expressly identify Sabacc as the card game of the "Star Wars universe." Defendants' principal has styled himself in one press release as "Viceroy of the Trade Federation's gaming guild," which is a reference to a character and a fictional political entity from the prequel trilogy of *Star Wars* motion pictures.  Defendants, moreover, timed their product launch to coincide with the release of *Rogue One: A Star Wars Story,* publicizing for example, "with new life being pumped into the franchise and characters from a galaxy far, far, away interest in the ways of the Force has never been stronger."  They titled a subsequent release "Major update for Sabacc, the Card Game of the Star Ward (sic) Universe."

35.    Ren Ventures obtained a federal registration for the mark Sabacc on August 23, 2016 (No. 5,025,710), falsely representing to the U.S. Patent and Trademark Office that it has ownership rights in the Sabacc Mark and claiming a priority date of November 20, 2015.  This date is well after Plaintiffs established senior rights to the Sabacc Mark.  Ren Ventures' registration claims supposed rights to the mark Sabacc across a vast array of goods in Class 9 (covering cinematographic and photographic devices) (including all types of electronic games, computer and video game cartridges, and video recordings featuring computer games), and Class

41 (covering entertainment services).  Plaintiffs have filed a petition to cancel the Sabacc

Registration with the USPTO, which is pending.

**F.     Defendants' Willful Infringement**

36.     Defendants were aware of Plaintiffs' trademarks and copyrights prior to

embarking on their campaign of infringement.

37.     Plaintiffs have served Defendants with multiple notices to cease their

unauthorized activities, and have petitioned to cancel Ren Ventures' purported trademark

registration for Sabacc.

38.     Defendants have refused to cease their unauthorized acts, and, unless enjoined by

this Court, will continue such conduct.

39.     Defendants' infringing conduct was and continues to be intentional and willful.

**COUNT ONE**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 501)**

40.     Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

41.     Lucasfilm owns all right, title, and interest in and to the Lucasfilm Copyrights,

and Lucasfilm has complied in all respects with the provisions of the Copyright Act of 1976, and

holds valid copyright registrations covering these works, including PA 72-282, PA 172-810, PA

1-975-592, and PA 2-011-445.

42.     Defendants have made unauthorized commercial uses, including, without

limitation, by reproducing and publicly displaying the Lucasfilm Copyrights.

43.     Defendants' conduct constitutes willful copyright infringement pursuant to 17

U.S.C. § 504(c)(2).

44.     Defendants' conduct has injured Lucasfilm and has caused and will continue to

cause irreparable injury to Lucasfilm for which Lucasfilm has no adequate remedy at law.

## COUNT TWO
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS
### (15 U.S.C. § 1114)

45.     Plaintiffs repeat and reallege the allegations above in paragraphs 1 through 43 as if fully set forth herein.

46.     Plaintiffs are the exclusive owners of the Lucasfilm Registered Marks.  Each of the trademark registrations relating to the Lucasfilm Registered Marks is in full force and effect.

47.     Defendants have used and continue to use in commerce unauthorized reproductions, copies, and/or colorable imitations of the Lucasfilm Registered Marks in connection with the sale, offering for sale, distribution, and/or advertising of their services and products.  Defendants' uses are likely to cause confusion, mistake, and/or deception among consumers by creating the false and misleading impression that Plaintiffs endorsed, supported, sponsored, approved, or were affiliated, connected, or otherwise associated with Defendants or their products, to the damage of Plaintiffs' reputation, goodwill, and sales.  Defendants are therefore liable to Plaintiffs for infringement of the Registered Marks pursuant to 15 U.S.C. § 1114.

48.     Defendants' use of reproductions, copies, and/or colorable imitations of the Lucasfilm Registered Marks, without Plaintiffs' consent or authorization, was and continues to be intentional and willful within the meaning of 15 U.S.C. § 1114 and § 1117.

49.     Defendants' conduct has injured Plaintiffs and has caused and will continue to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## COUNT THREE
## TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1125(a))

50.     Plaintiffs repeat and reallege the allegations above in paragraphs 1 through 39 as if fully set forth herein.

51.     The Lucasfilm Trademarks (including the Sabacc Mark) and the goodwill associated with them are of great and incalculable value, are highly and inherently distinctive, and have become associated with Plaintiffs' products and services, which are of the highest quality and reputation.

52.     Defendants have used and continue to use in commerce unauthorized reproductions, copies, and colorable imitations of the Lucasfilm Trademarks (including the Sabacc Mark) in connection with the sale, offering for sale, distribution, and advertising of their services and products and in Defendants' domain name, social media names, and trade names. Defendants' uses are likely to cause confusion, mistake, and deception among consumers by creating the false and misleading impression that Plaintiffs endorsed, supported, sponsored, approved, or were affiliated, connected, or otherwise associated with Defendants or their products, to the damage of Plaintiffs' reputation, goodwill, and sales.  Defendants are therefore liable to Plaintiffs for infringement of the Lucasfilm Trademarks (including the Sabacc Mark) pursuant to 15 U.S.C. § 1125(a).

53.     Defendants' acts complained of herein are willful and intentional within the meaning of 15 U.S.C. § 1114 and § 1117, and Defendants continue to be engaged in them with the intention of trading upon the valuable goodwill associated with the Lucasfilm Trademarks (including the Sabacc Mark), or otherwise injuring Plaintiffs.

54.     Defendants' conduct has injured Plaintiffs and has caused and will continue to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**COUNT FOUR**
**CANCELLATION OF REGISTRATIONS**
**(15 U.S.C. §§ 1119, 1052(d))**

55.     Plaintiffs repeat and reallege the allegations above in paragraphs 1 through 39 as if fully set forth herein.

56.     Plaintiffs are the rightful owner of the Sabacc Mark.  The Sabacc Mark is of great and incalculable value, is highly and inherently distinctive, and has long been associated in the public mind with Plaintiffs' products and services.

57.     Ren Ventures has registered a trademark in the United States Patent and Trademark Office, Registration No. 5,025,710, which is identical to the Sabacc Mark without Plaintiffs' authorization or consent.  Ren Ventures registered this trademark in Classes 9 (cinematographic and photographic devices) and 41 (entertainment services) even though Plaintiffs have prior rights to the Sabacc Mark, including based on Plaintiffs' use of the Sabacc Mark for decades, including well before Defendants' purported priority date of November 20, 2015.

58.     The trademark derived from the Sabacc Mark that Ren Ventures registered is used to misrepresent the source of the products sold in connection therewith and is likely to cause confusion, mistake, and deception among consumers by creating the false and misleading impression that Plaintiffs are the source of Defendants' Sabacc game; that Plaintiffs have endorsed, supported, sponsored, or approved Defendants' Sabacc games; or that Defendants and their Sabacc game are affiliated, connected, or otherwise associated with Plaintiffs or their *Star Wars* franchise.

59.     Plaintiffs seek cancellation of Ren Ventures' Registration No. 5,025,710 for the purported Sabacc trademark.

## COUNT FIVE
## UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

60.     Plaintiffs repeat and reallege the allegations above in paragraphs 1 through 39 as if fully set forth herein.

61.     In connection with the sale, offering for sale, distribution, and advertising of their services and products, Defendants have used and continue to use elements of the *Star Wars* franchise (including without limitation the Sabacc Mark), including by displaying and referring to characters, events, places, organizations, words, and phrases from the *Star Wars* universe that are well-known and have long been associated in the public mind with Plaintiffs' products and services.

62.     Defendants' uses of these elements from the *Star Wars* franchise are likely to cause confusion, mistake, and deception among consumers by creating the false and misleading impression that Plaintiffs endorsed, supported, sponsored, approved, or were affiliated, connected, or otherwise associated with Defendants or their products, to the damage of Plaintiffs' reputation, goodwill, and sales.  Defendants are therefore liable to Plaintiffs for unfair competition pursuant to 15 U.S.C. § 1125(a).

63.     Defendants' conduct has injured Plaintiffs and has caused and will continue to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## COUNT SIX
## COMMON LAW TRADEMARK INFRINGEMENT

64.     Plaintiffs repeat and reallege the allegations above in paragraphs 1 through 39 as if fully set forth herein.

65.     Plaintiffs own all rights, title, and interest in and to the Lucasfilm Trademarks (including the Sabacc mark) as aforesaid, including all common law rights in such marks.

66.     The aforesaid acts of Defendants constitute trademark infringement in violation of the common law of the State of California.

67.     Defendants intend to continue their willfully infringing acts unless restrained by this Court.

68.     Defendants' conduct has injured Plaintiffs and has caused and will continue to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.  In addition, Defendants are guilty of oppression, fraud, and malice within the meaning of Cal. Civ. Code § 3294.

## COUNT SEVEN
## COMMON LAW UNFAIR COMPETITION

69.     Plaintiffs repeat and reallege the allegations above in paragraphs 1 through 39 as if fully set forth herein.

70.     The aforesaid acts of Defendants constitute unfair competition in violation of the common law of the State of California by attempting to "pass off" Defendants' mobile game offering as associated or connected with or endorsed or sponsored by Plaintiffs.

71.     Defendants intend to continue their unfair and willfully infringing acts unless restrained by this Court.

72.     Defendants' conduct has injured Plaintiffs and has caused and will continue to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.  In addition, Defendants are guilty of oppression, fraud, and malice within the meaning of Cal. Civ. Code § 3294.

## COUNT EIGHT
## CALIFORNIA UNFAIR COMPETITION LAW
## (CAL. BUS. & PROF. CODE § 17200 et seq.)

73.     Plaintiffs repeat and reallege the allegations above in paragraphs 1 through 39 as if fully set forth herein.

74.     California Business and Professions Code § 17200 *et seq*. prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

75.     Defendants engage in conduct that is unlawful, unfair, and fraudulent by, among other things, competing in the marketplace on unfair terms and misleading its customers into believing they are playing a mobile game endorsed, supported, sponsored, or approved by, or affiliated, connected, or otherwise associated with, Plaintiffs.

76.     This conduct is "unlawful" because it violates the Lanham Act and the common law of the State of California, as described above.

77.     This conduct is "unfair" and "fraudulent" in that it is likely to deceive customers into believing that Plaintiffs endorsed, supported, sponsored, approved, or were affiliated, connected, or otherwise associated with Defendants or their products.

78.     Defendants intend to continue their unlawful, unfair, and fraudulent acts unless restrained by this Court.  Defendants' conduct has caused and is causing actual harm to Plaintiffs, including the loss of money and property, such as the cost of litigating their cancellation petition and the loss of opportunities to license the Sabacc Mark.  In addition, Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

79.     Defendants' conduct entitles Plaintiffs to equitable relief under Business and Professions Code §17203, including restitution, disgorgement of profits, and injunctive relief.

80.     Attorneys' fees are appropriate pursuant to California Code of Civil Procedure § 1021.5 and otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court enter judgment in their favor and against Defendants:

A.      Ordering the cancellation of Ren Ventures' federal trademark Registration No. 5025710 for Sabacc;

B.      Permanently and preliminarily enjoining and restraining Defendants, their agents, servants, employees, attorneys, and all those in active concert or participation with them from:

1.      Directly or indirectly infringing any of Lucasfilm's exclusive rights in the Lucasfilm Copyrights and other copyrights, whether now in existence or later created, including without limitation by reproducing or publicly displaying these copyrighted works or selling any products bearing or consisting of copies these works, except pursuant to a lawful license or with the express authority of Lucasfilm;

2.      Using the Lucasfilm Trademarks, including the Sabacc Mark and the Lucasfilm Registered Marks, or any reproduction, counterfeit, copy, or colorable imitation of the Lucasfilm Trademarks in connection with advertising, marketing, promoting, producing, offering for sale, or selling Defendants' goods or services;

3.      Making any false statements or representations or engaging in any other activity that suggests that Defendants or their business are in any way affiliated with, approved, licensed, endorsed, or sponsored by any of Plaintiffs;

4.      Applying or re-applying for any trademark registrations for any marks, names, or other identifiers that are confusingly similar to Plaintiffs' trademarks in the *Star Wars* franchise;

5.      Effecting assignments or transfers, forming new entities or associations, or using any other entities or devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in the subparagraphs above;

6.      Using any elements of Plaintiffs' *Star Wars* franchise in connection with the sale, offering for sale, distribution, or advertising of Defendants' services and products;

C.      Directing that Defendants deliver for destruction any and all infringing merchandise in their possession or under their control bearing any of the Lucasfilm Trademarks or Lucasfilm Copyrights or any simulation, reproduction, copy, or colorable imitation thereof;

D.      Awarding Plaintiffs treble damages and an enhanced measure of Defendants' profits pursuant as a result of Defendants' willful and intentional violations of the Lanham Act;

E.      Awarding Lucasfilm its damages and Defendants' profits as a result of Defendants' violations of the Copyright Act or, alternatively, at Lucasfilm's election, such statutory damages as may be proper, up to the maximum of $150,000 for each work that Defendants have infringed;

F.      Awarding Plaintiffs punitive damages;

G.      Awarding Plaintiffs restitution and disgorgement;

H.      Awarding Plaintiffs their costs and expenses, including attorneys' fees;

I.      Awarding Plaintiffs pre-judgment interest;

J.      Awarding Plaintiffs such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues triable by jury.

Dated:     New York, New York
            December 21, 2017

SHAPIRO ARATO LLP


By:  _/s/ Cynthia S. Arato__
     Cynthia S. Arato (State Bar No. 156856)

500 Fifth Avenue, 40th Floor
New York, New York 10110
Tel:  (212) 257-4880
Fax:  (212) 202-6417
carato@shapiroarato.com

*Counsel for Plaintiffs Lucasfilm Ltd. LLC and*
*Lucasfilm Entertainment Company Ltd. LLC*

Lucasfilm Ltd. LLC et al. v. Ren Ventures Ltd. et al.: Complaint