James E. Rosini (admitted *pro hac vice*)
Jonathan W. Thomas (admitted *pro hac vice*)
ANDREWS KURTH KENYON LLP
One Broadway
New York, New York 10004
Tel.: (212) 908-6169
Fax.: (212) 425-5288
jrosini@kenyon.com
jthomas@kenyon.com

Michael Zachary (SBN 112479)
ANDREWS KURTH KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304
Tel.: (650) 384-4700
Fax.: (650) 384-4701
mzachary@kenyon.com

Counsel for Defendants Ren Ventures Ltd.
and Sabacc Creative Industries Ltd.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Lucasfilm Ltd. LLC, and Lucasfilm Entertainment Company Ltd. LLC,<br><br>*Plaintiffs*,<br>v.<br><br>Ren Ventures Ltd., and Sabacc Creative Industries Ltd.,<br><br>*Defendants*. | Case No. 3:17-cv-07249-RS<br><br>**REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>**HEARING DATE: March 29, 2018**<br><br>**HEARING TIME: 1:30pm Pacific Time** |

Defendants, Ren Ventures Ltd. ("RV"), and Sabacc Creative Industries Ltd. ("SCI") (collectively, "Defendants"), by and through their undersigned counsel, submit the following reply in support of their motion to dismiss ("Doc. No. 22"; "Motion").

**TABLE OF CONTENTS**

I.   Preliminary Statement………………………………………………………….....................3
II.  Analysis………………………………………………………………………........................4
     A. Plaintiffs Fail to Rebut Defendants' Argument that Plaintiffs' Allegations
        of Trademark Priority are Not Plausible……………………………………………....4
        1. Plaintiffs' Allegations of Use of "Sabacc" as a Mark are Not Plausible…..............6
        2. Plaintiffs' Allegations of Continuous Trademark Use are Not Plausible…..........11
     B. Plaintiffs' Argument Concerning Their Section 43(a) Unfair-Competition
        Claim is Irrelevant to Defendants' Motion……………………………………............12
     C. Plaintiffs' Allegations of Fraud Fail to Satisfy FED. R. CIV. P. 9(b)…………..............13
III. Conclusion………………………………………………………………………………….15

**TABLE OF AUTHORITIES**

*Air Aromatics, LLC v. Victoria's Secret Stores Brand Management Inc.*,
744 F.3d 595 (9th Cir. 2014)…………………………………………………………………....11
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)………………………………………………………….11
*Casual Corner Assocs., Inc. v. Casual Stores of Nev., Inc.*, 493 F.2d 709 (9th Cir. 1974)……….5
*Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151 (9th Cir. 2001) ………………………………...5
*Conversive, Inc. v. Conversagent, Inc.*, 433 F. Supp. 2d 1079 (C.D. Cal. 2006)…….…………..5
*DC Comics, Inc. v. Filmation Associates*, 486 F. Supp. 1273 (S.D.N.Y. 1980) …….…………...7
*DC Comics v. Kryptonite Corp.*, 336 F. Supp. 2d 324 (S.D.N.Y. 2004)………………………….7
*Dep't of Parks and Recreation for State of California v. Bazaar Del Mundo Inc.*,
448 F.3d 1118 (9th Cir. 2006)…………………………………………………………………….5
*Espinoza v. Gentry Courts Home Owners Association, Antioch, Inc.*,
2017 WL 2311310 (N.D. Cal., May 26, 2017)………………………………………….............13
*F.T.C. v. Stefanchik,* 2007 WL 4570879 (W.D.Wash. Feb. 15, 2007)……………………….....14
*Garden of Life, Inc. v. Letzer*, 318 F. Supp. 2d 946 (C.D. Cal. 2004)……………………………5
*GeoData Sys. Management Inc. v. American Pacific Plastic Fabricators Inc.*,
2015 WL 12731920 (C.D. Cal., Sept. 21, 2015)………………………………………………...11
*Hutchins v. Nationstar Mortgage LLC*, 2017 WL 4224720 (N.D. Cal., Sept. 22, 2017)……….14
*In re Conagra Foods, Inc.*, 302 F.R.D. 537 (C.D. Cal. 2014)…………………………………...14
*In re Spirits Intern., N.V.*, 563 F.3d 1347 (Fed. Cir. 2009)……………………………………...10
*In re Yahoo! Customer Data Security Breach Litigation*,
2017 WL 3727318 (N.D. Cal., Aug. 30, 2017)………………………………………………….14
*Kleven v. Hereford*, 2016 WL 4424964 (C.D. Cal., Feb. 18, 2006)…………………………..7,13
*MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335 (4th Cir. 2001)……………………….8,11,12
*Ortega v. Select Portfolio Servicing, Inc.*, 2018 WL 317795 (C.D. Cal., Jan. 5, 2018)………...15
*Quicksilver v. Kymsta Corp.*, 466 F.3d 749 (9th Cir. 2006)……………………………………8,9
*Palm Bay Imports, Inc. v. Veuve Clicquot Ponsardin Maison Fondee En*,
396 F.3d 1369 (Fed. Cir. 2005)………………………………………………………………..9,10
*Realization Fellowship Church v. Ananda Church of Self-Realization*,
59 F.3d 902 (9th Cir. 1995)……………………………………………………………….........11
*Southern Snow Mfg. Co. v. Snow Wizard Holdings, Inc.*, 829 F. Supp. 2d 437 (E.D. La. 2011).10
*Spin Master, Ltd. v. Zobmondo Entertainment, LLC*, 944 F. Supp. 2d 830 (C.D. Cal. 2012)……5
*Stephen G. Opperwall v. State Farm Fire and Casualty Co., et al.*,
2018 WL 1243085 (N.D. Cal., Mar. 9, 2018)……………………………………………………13

*The Wine Group, LLC v. L. and R. Wine Co., Inc.*,
2012 WL 3962500 (E.D. Cal., Sept. 10, 2012)……………………………………………..................5,6
*Toughlove America, LLC v. MTV Networks Co.*,
2009 WL 10669245 (C.D. Cal., April 21, 2009)……………………………………………………12
*Universal City Studios, Inc. v. J.A.R. Sales, Inc.*, 1982 WL 1279 (C.D. Cal., Oct. 20, 1982)……7
*Viacom Int'l Inc. v. IJR Capital Investments LLC*, 242 F. Supp. 3d 563 (N.D. Tex. 2017)……...7
*Warner Bros. Entertainment v. Global Asylum, Inc.*,
2012 WL 6951315 (C.D. Cal., Dec. 10, 2012)……………………………………………….......12
*Warner Bros, Inc. v. Gay Toys, Inc.*, 658 F.2d 76 (2d Cir. 1981………………………………......7

## I.  Preliminary Statement/Statement of Issues to be Decided

Instead of amending the Complaint to show actual and continuous trademark use of "Sabacc," Plaintiffs' opposition doubles-down on the implausible premise that alleging sporadic, intermittent appearances of "Sabacc" in *Star Wars* expressive works and STAR WARS-brand products establishes Plaintiffs' trademark use and priority in "Sabacc."

As discussed in Defendants' opening brief, Defendant RV owns the federal trademark registration for the mark SABACC.  Thus, Plaintiffs must prove trademark priority over Defendants in SABACC.  Well-settled law mandates that Plaintiffs must prove both trademark use, and continuous trademark use, to establish priority.  According to the factual allegations in the Complaint, "Sabacc" allegedly appeared in a 1980 *Star Wars* novel; in three novels in 1983; on a STAR WARS-brand product in 1989; and 26 years later in 2015 on a STAR WARS-brand game, in *Star Wars* comic books, a visual dictionary, and a television episode.  These factual allegations render it implausible that Plaintiffs have trademark priority for at least three reasons.

First, as Plaintiffs' case law confirms, for a fictional element of an expressive work to function as a source identifier in the marketplace for the work and/or its source (*i.e.*, function as a mark), the element must appear regularly and continuously in the work (*e.g.*, "SUPERMAN," or the "GENERAL LEE"). The sporadic alleged appearance of "Sabacc" in *Star Wars* expressive works in 1980, 1983, and 2015, however, falls woefully short of the regularity and consistency necessary for the fictional element of an expressive work to function as a mark.  Second, as

DEFENDANTS' MOTION TO
DISMISS REPLY BRIEF              - 3 -                     Case No.  3:17-cv-07249-MMC

discussed in Defendants' opening brief, and below, the only mark that Plaintiffs used for their 1989 and 2015 STAR WARS-brand products was, unsurprisingly, STAR WARS.  Third, even if Plaintiffs' factual allegations of alleged trademark use were plausible, the widespread gaps in alleged use render it implausible that Plaintiffs made *continuous* trademark use of "Sabacc."

At bottom, if Plaintiffs truly made continuous trademark use of "Sabacc" since the 1980s through the present, as they claim in *ipse dixit*, conclusory fashion, one cannot help but wonder why Plaintiffs could only find instances of *non*-trademark appearances of "Sabacc" from 1980, 1983, 1989, and 2015.  Based on the foregoing, Defendants respectfully request that the Court dismiss Counts Three through Eight of the Complaint to the extent those Counts rest in whole or in part on the implausible premise that Plaintiffs own trademark rights in "Sabacc."

**II.     Analysis**

    **A. Plaintiffs Fail to Rebut Defendants' Argument that Plaintiffs' Allegations of Trademark Priority are Not Plausible**

As discussed in Defendants' Opening Brief ("Doc No. 22"), Defendant RV is the federal registrant of the mark "SABACC."  Therefore, for Plaintiffs to prevail on Count Four[1], they must prove trademark priority in "Sabacc."  *See id*. at 14.  Plaintiffs must also prove trademark priority to prevail on Counts Three, and Five through Eight[2], to the extent those claims rely on Plaintiffs' ownership of trademark rights in "Sabacc."  *See id*. at 13-4.

Proving trademark priority requires two elements, namely: (i) use of the mark in commerce prior to the federal registrant's date of first use (which, here, is November 2015), and (ii) continuous use of the mark in commerce from the alleged date of first use through the present.  *See id*. at 14.  Plaintiffs attempt to distract the Court from *Plaintiffs*' obligation to prove both

---

[1] Plaintiffs seek cancellation of Defendant RV's U.S. Trademark Reg. No. 5,025,710 for the mark "SABACC."
[2] In these Counts, Plaintiffs seeks relief for alleged trademark infringement under Section 43(a) of the Lanham Act; unfair competition under Section 43(a) of the Lanham Act; California common law trademark infringement; California common law unfair competition; and unfair competition under CAL. BUS. & PROF. CODE § 17200.

elements of common-law priority by claiming they "are not required to show continuous use to allege trademark priority, only that that they have not alleged abandonment of the Sabacc Mark." Doc. No. 34 at 14. Plaintiffs attempt to complicate this straightforward issue even more by claiming "Defendants' mark is not incontestable, so to defeat Lucasfilm's priority, Defendants must prove that Lucasfilm abandoned the Sabacc Mark." *Id*. at 15.

Fatal to Plaintiffs' continuous-use-versus-abandonment/incontestable-versus-contestable-mark argument is that a party seeking to establish trademark priority must prove use *and* continuous use: (i) on a Section 43 claim when the federally registered mark is incontestable[3]; (ii) on a Section 43 claim when the federally registered mark is contestable[4]; (iii) on a cancellation claim when the federally registered mark is incontestable[5]; (iv) on a cancellation claim when the federally registered mark is contestable[6]; and (v) on a California common-law claim[7].

Requiring the party asserting trademark priority to prove continuous use regardless of whether the federally registered mark is incontestable or contestable is consistent with the fact that trademark priority requires proof of, among other things, use of the mark "in commerce." "Use in commerce," in turn, "breaks down into two distinct elements: (1) Was the transaction upon which the registration application was founded bona fide; and (2) if it was bona fide, was it followed by activities proving a <u>continuous</u> effort or intent to use the mark." *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1157 (9th Cir. 2001) (emphasis added); *The Wine Group, LLC*, 2012 WL 3962500 at *15 (*same*).

Against that background, for the reasons discussed in Defendants' Opening Brief, as well as below: (i) Plaintiffs' allegations of use of "Sabacc" as mark are implausible, and (ii) even if

---

[3] *Casual Corner Assocs., Inc. v. Casual Stores of Nev., Inc.,* 493 F.2d 709, 712 (9th Cir. 1974); *Dep't of Parks and Recreation for State of California v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1126-27 (9th Cir. 2006).
[4] *Conversive, Inc. v. Conversagent, Inc.*, 433 F. Supp. 2d 1079, 1089-90 (C.D. Cal. 2006); *Garden of Life, Inc. v. Letzer*, 318 F. Supp. 2d 946, 957-60 (C.D. Cal. 2004).
[5] *Dep't of Parks and Rec. for State of California*, 448 F.3d at 1133-34.
[6] *Wine Group, LLC v. L. and R. Wine Co., Inc.*, 2012 WL 3962500, *15-20 (E.D. Cal., Sept. 10, 2012).
[7] *Spin Master, Ltd. v. Zobmondo Entertainment, LLC*, 944 F. Supp. 2d 830, 850 (C.D. Cal. 2012).

such allegations were plausible, Plaintiffs' allegations of continuous use of "Sabacc" as a mark are implausible, thereby defeating any alleged priority over Defendants.

### 1. Plaintiffs' Allegations of Use of "Sabacc" as a Mark are Not Plausible

As discussed in Defendants' Opening Brief, "Sabacc" is allegedly the title of a fictional card game that appears sporadically in *Star Wars*. *See* Doc. No. 22 at 6. As also discussed in Defendants' Opening Brief, it is implausible that the term "Sabacc" could function as a mark for a *fictional* card game. *See id*. at 15-7. Plaintiffs agree. *See* Doc. No. 34 at 8 ("Plaintiffs do *not* contend that their Sabacc Mark functions as a mark for the fictional Sabacc game") (emphasis in original). Accordingly, Plaintiffs attempt to establish the first element of trademark priority—use of "Sabacc" as a mark in commerce prior to Defendants' date of first use—by pointing to: (i) the presence of "Sabacc" in *Star Wars* expressive works in general, and (ii) specific STAR WARS-brand products. As discussed below, both attempts fail.

#### a. The Presence of "Sabacc" in *Star Wars* Expressive Works in General is Not Trademark Use of "Sabacc"

According to Plaintiffs, "fictional elements of expressive works *can* function as trademarks because those elements *can* symbolize the plaintiff or its product to the consuming public." Doc. No. 34 at 7 (emphasis in original); *see also id*. at 9 ("[T]he contents of entertainment products, such as the movies, television shows, comic books, and other creative works at issue here, can be source identifying"). Plaintiffs' emphasis on "can" is telling. Indeed, the general presence of a fictional character or a fictional card game like "Sabacc" in an expressive work does not mean the element functions *ipso facto* as a source-identifier for the work or the work's source.

Instead, as established by Plaintiffs' case law, a fictional element of an expressive work can only function as a mark for the work in which it appears and/or the work's source if the element regularly and continuously appears in the work. *See* Doc. No. 34 at 7-8 (referencing *DC*

DEFENDANTS' MOTION TO
DISMISS REPLY BRIEF - 6 - Case No. 3:17-cv-07249-MMC

*Comics, Inc. v. Filmation Associates*, 486 F. Supp. 1273, 1277 (S.D.N.Y. 1980) (for elements or "ingredients" of expressive works to function as marks, "fixture or consistency of representation […] necessary to constitute a symbol in the public mind"); *Warner Bros, Inc. v. Gay Toys, Inc.*, 658 F.2d 76, 78 (2d Cir. 1981) (extending trademark protection to ''General Lee, an orange, 1969 Dodge Charger with a Confederate flag emblem <u>prominently</u> featured on 'The Dukes of Hazard' […] T.V. series"); *DC Comics v. Kryptonite Corp.*, 336 F. Supp. 2d 324, 332-33 (S.D.N.Y. 2004) (extending trademark protection to element of *Superman* comics, "Kryptonite"; describing Kryptonite as a "staple" of *Superman* comics "resulting from DC Comics' <u>60 years of use</u> of Kryptonite […]"); *Viacom Int'l Inc. v. IJR Capital Investments LLC*, 242 F. Supp. 3d 563, 571 (N.D. Tex. 2017) (extending trademark protection to "Krusty Krab" restaurant in television series *Spongebob Square Pants* "based on Viacom's <u>continued use of the mark</u> in its television series, movies, web and mobile applications, and licensed products […] <u>during the seventeen years of the show's existence</u> […]"); *Kleven v. Hereford*, 2016 WL 4424964, *8 (C.D. Cal., Feb. 18, 2006) (extending trademark protection to character RIN TIN TIN canine dog because plaintiffs and their predecessors-in-interest "<u>continuously used</u> their rights in the character to create television programs, motion pictures, and merchandise […]"); and *Universal City Studios, Inc. v. J.A.R. Sales, Inc.*, 1982 WL 1279, *2 (C.D. Cal., Oct. 20, 1982) (extending trademark protection to one of the world's most recognizable fictional characters--E.T.--based on it being the "central character" in the film "E.T. The Extra-Terrestrial"). (emphasis added in all).

Here, according to the Complaint, unlike the elements of the expressive works referenced in Plaintiffs' case law, the fictional card game "Sabacc" does not regularly or continuously appear in *Star Wars* expressive works. Indeed, despite alleging Plaintiffs have produced 10 *Star Wars* motion pictures, Plaintiffs do not allege that "Sabacc" has appeared in any of them. *See* Doc. No. 1 at ¶¶ 12-19. Instead, "Sabacc" allegedly appeared only in a 1980 *Star Wars* novel; took a three-

DEFENDANTS' MOTION TO
DISMISS REPLY BRIEF             - 7 -                        Case No. 3:17-cv-07249-MMC

1  year hiatus before allegedly appearing again in 1983 in novels about the fictional character Lando
2  Calrissian; and then took a *26*-year hiatus before allegedly appearing again in 2015 in comic
3  books, a visual dictionary, and a television episode.  *See* Doc No. 1 at ¶¶ 17-9.

4  Based on this intermittent, sporadic alleged appearance of "Sabacc" in *Star Wars*
5  expressive works, it is highly dubious, to say the least, to describe "Sabacc" as an "element" of
6  *Star Wars*.  More to the point, this intermittent, sporadic appearance of "Sabacc" in *Star Wars*
7  expressive works lacks the regularity, consistency and centrality that Plaintiffs' case law
8  establishes is required for a fictional "element" of an expressive work to be a mark.

### b. Plaintiffs' STAR WARS-Brand Products Do Not Show Trademark Use of "Sabacc"

Recognizing the intermittent, sporadic appearance of "Sabacc" in *Star Wars* expressive works is insufficient to constitute trademark use of "Sabacc" in general, Plaintiffs point to specific STAR WARS-brand products in a last-ditch effort to identify their alleged use of "Sabacc" as a mark in commerce.

Plaintiffs' contend the 1989 STAR WARS-brand *Crisis on Cloud City* game shows use of "Sabacc" as a product mark because the word "Sabacc" appears on the packaging, and the game's instruction sheet.  *See* Doc. No. at 13.  This is not plausible.  Just because the term "Sabacc" appears on the packaging, and on the instruction sheet, does not mean it performs the source-identifying role required of a mark.  Instead, whether a word or term functions as a product mark depends on whether the word or term "is recognized as an indication of origin for the product." *Quicksilver v. Kymsta Corp.*, 466 F.3d 749, 757 (9th Cir. 2006); *see also MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 340 (4th Cir. 2001) ("'Not every single word [or] phrase ... that appears on a label or in an advertisement qualifies as a protectable mark.  If a purported mark fails to identify its source, it is not protectable—under state or federal law'")).

Here,  Plaintiffs' use of the term "Sabacc" in conjunction with the mark STAR WARS

establishes that even Plaintiffs do not believe "Sabacc" has independent trademark significance (from the STAR WARS mark). *Quicksilver, Inc.*, 466 F.3d 749 at 757 ("In determining whether a mark has independent trademark significance, we consider whether the mark owner has engaged in a constant pattern or effort ... to use ... [the product mark] in a manner separate and distinct from [the house mark]").

Plaintiffs' next attempt to show trademark use of "Sabacc" is the 2015 STAR-WARS brand *Cantina* card game:

[8]

According to Plaintiffs, the packaging shown above constitutes trademark use of "Sabacc" because the characters are from Plaintiffs' fictional language, Aurebush, and allegedly translate to "Sabacc" in English. Doc. No. 34 at 13; *see also* Doc. No. 1 at n. 1. Plaintiffs' argument fails.

By claiming the characters shown above translate to "Sabacc" in English, Plaintiffs are ostensibly relying on the "doctrine of foreign equivalents." In trademark-infringement cases involving a non-English language mark, courts evaluate the non-English languge mark's commercial impression and distinctiveness by translating it into English. *See Palm Bay Imports, Inc. v. Veuve Clicquot Ponsardin Maison Fondee En*, 396 F.3d 1369, 1377 (Fed. Cir. 2005).

---

[8] Plaintiffs contend that replacing "How to Play Sabacc" on the card shown above with "How to Play Monopoly" or "How to Play Scrabble" proves that "How to Play Sabacc" is trademark use of "Sabacc." Doc. No. 34 at 13. Plaintiffs are wrong. Used in this descriptive manner, "Monopoly" and "Scrabble" are not performing a source-identifying role. Nonetheless, MONOPOLY and SCRABBLE are valid marks. Hasbro, Inc. owns numerous federal trademark registrations for each mark. Hasbro, Inc. has also used the marks so regularly and continuously in United States commerce that MONOPOLY and SCRABBLE are household names. This is not the case with Plaintiffs. As discussed *passim*, unlike with Hasbro, Inc. and its MONOPOLY and SCRABBLE marks, Plaintiffs have never applied to register "Sabacc" as a mark; do not own a federal trademark registration for "Sabacc"; and can only conjure up sporadic, *non*-trademark appearances of "Sabacc" from 1980, 1983, 1989, and 2015.

1 | Here, however, Plaintiffs cannot invoke the doctrine of foreign equivalents for at least two reasons. First, the doctrine of foreign equivalents does not apply to fictional, obscure, or dead languages. *In re Spirits Intern., N.V.*, 563 F.3d 1347, 1351 (Fed. Cir. 2009). It is beyond any doubt that an escoteric, *fictional* langauge allegedly developed for *Star Wars*, is obscure. Second, while Plaintiffs allege in gratutious fashion that the fictional-langauge characters shown above translate to "Sabacc" English, they do not allege that consumers actually translate the characters into English before deciding whether to purchase the CANTINA card game. *See generally* Doc. No. 1, 34. The doctrine of foreign of equivalents does not apply when it is unlikely that consumers would translate the non-English word or term before deciding whether to purchase the product bearing the word or term, but rather would accept the non-English language word or term as is. *See Palm Bay Imports, Inc.*, 396 F.3d at 1377.

Based on the foregoing, the court need not accept as true the conclusory, self-serving allegation that the characters shown above translate to, and create the commercial impression, "Sabacc"; instead, the court should accept as true that the characters create the following commercial impression, , which looks nothing like "Sabacc." As such, the allegation that the fictional-language characters show trademark use of "Sabacc" is implausible.

Further proof that Plaintiffs' STAR WARS-brand products do not show trademark use of "Sabacc" lies in Plaintiffs' failure to use the ™ symbol next to the term "Sabacc" on product packaging. Plaintiffs contend "there is no requirement that any owner apply the TM symbol when using an unregistered mark." Doc. No. 34 at 14. That is not the point; the point is: as Plaintiffs' authority confirms, when a party believes they are using a word, term, symbol, etc. as a mark, they indicate as much to the consuming public and their competitors by using one of two indicia of trademark ownership, *i.e.*: (i) "®" for registered marks, and (ii) "™" for unregistered marks. *See Southern Snow Mfg. Co. v. Snow Wizard Holdings, Inc.*, 829 F. Supp. 2d 437, 452

DEFENDANTS' MOTION TO              - 10
DISMISS REPLY BRIEF                -                           Case No.  3:17-cv-07249-MMC

(E.D. La. 2011) ("[T]he statement or message that a party conveys by putting the TM symbol next to a product name is that he *claims* trademark rights to the term") (emphasis in original); *see also Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 907 (9th Cir. 1995) (plaintiff lacked trademark rights in term "Paramahansa Yogananda" because, *inter alia*, plaintiff "did not use the term […] with any of the traditional trademark indicia (e.g., use of the term with a 'TM' sign next to it)"); *MicroStrategy Inc.*, 245 F.3d at 342 (*same*).

### 2. Plaintiffs' Allegations of Continuous Trademark Use are Not Plausible

For the reasons discussed in Defendants' Opening Brief, as well as below, even if Plaintiffs plead plausible allegations of use of "Sabacc" as a mark (*but see supra*), Plaintiffs' allegations of continuous trademark use of "Sabacc" are implausible.

Plaintiffs claim they have continuously used "Sabacc" as a mark from the 1980s through the present. *See* Doc. No. 34 at 14. However, Plaintiffs cannot defeat a motion to dismiss by relying on *ipse dixit*, self-serving, conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (courts need not accept as true conclusory allegations). Instead, Plaintiffs must point to *factual* allegations that render it plausible that Plaintiffs allegedly made continuous trademark use of "Sabacc" from the 1980s through the present. *See Air Aromatics, LLC v. Victoria's Secret Stores Brand Management Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("To establish a claim for trademark infringement, Airs Aromatics <u>must allege facts</u> to show "(1) that it has a protectible ownership interest in the mark […]"); *see also GeoData Sys. Management Inc. v. American Pacific Plastic Fabricators Inc.*, 2015 WL 12731920, *9 (C.D. Cal., Sept. 21, 2015) (Plaintiff's conclusory allegations of continuous trademark use insufficient). (emphasis added).

Here, Plaintiffs' factual allegations fail to render it plausible that Plaintiffs made alleged continuous service mark or trademark use of "Sabacc" for at least two reasons. First, as discussed *passim*, Plaintiffs' factual allegations are implausible to show the threshold requirement of *use* of

| DEFENDANTS' MOTION TO DISMISS REPLY BRIEF | - 11 - | Case No. 3:17-cv-07249-MMC |
|---|---|---|

"Sabacc" as a mark.  Second, even if Plaintiffs' factual allegations did show plausible use of service mark and/or trademark use of "Sabacc" (*but see supra*), the *factual* allegations show such use was *not* continuous, but rather was intermittent and sporadic, at best.  Indeed, as discussed in Defendants' Opening Brief, Plaintiffs' *factual* allegations in the Complaint identify what Plaintiffs describe as use of "Sabacc" as a mark in 1980; three years later in 1983; six years later in 1989; and again 26 years later in 2015.  *See* Doc. No. 1 at ¶¶ 17-9.

This sporadic, intermittent, *de minimis* alleged use of the term "Sabacc" renders implausible Plaintiffs' allegations of continuous use of "Sabacc" as a mark.  *See* Doc. No. 22 at 21-2 (collecting cases showing that even a one-year gap in use defeats continuous-use requirement); *see also MicroStrategy Inc.*, 245 F.3d at 340 "'[A] designation is not likely to be perceived as a mark of origin unless it is repetitively used, as opposed to only an occasional or isolated use'"); *Toughlove America, LLC v. MTV Networks Co.,* 2009 WL 10669245, *6 (C.D. Cal., April 21, 2009) ("The use necessary to create trademark right is more than token or *de minimis* use.  The use must be [...] 'continuous'"); *cf Warner Bros. Entertainment v. Global Asylum, Inc.*, 2012 WL 6951315, *3-4 (C.D. Cal., Dec. 10, 2012) (extending trademark protection to well-known HOBBIT marks from *Lord of the Rings* motion pictures based on, among other things, the plaintiff, unlike the Plaintiffs here, owning federal trademark registration for the mark HOBBIT, and the plaintiff, unlike the Plaintiffs here, engaging in "extensive marketing").

Based on the foregoing, Plaintiffs' allegations of trademark priority are implausible.  Accordingly, the Court should grant Defendants' Motion.

**B. Plaintiffs' Argument Concerning Their Section 43(a) Unfair-Competition Claim is Irrelevant to Defendants' Motion**

Plaintiffs contend the Court should deny Defendants' Motion to dismiss Plaintiffs' Section 43(a) unfair-competition claim because Plaintiffs do not need to own trademark rights in "Sabacc" to prevail on this claim.  *See* Doc. No. 34 at 16-7.  Plaintiffs' argument ignores the tenor

of their allegations, *i.e.*: Defendants' use of *Defendants'* federally registered mark SABACC is allegedly likely to cause confusion with Plaintiffs and *Star Wars*. *See* Doc. No. 1 at ¶¶ 61-2. When allegations of unfair competition sound in a likelihood of confusion, as they do here, courts use the same two-pronged test as the test for trademark infringement, *i.e.*: (i) ownership of a valid mark, and (ii) a likelihood of confusion. *See, e.g.*, *Kleven v. Hereford*, 2016 WL 4424964, *8 (C.D. Cal., Feb. 18, 2016). Accordingly, Plaintiffs' argument is misplaced. However, if Plaintiffs wish to proceed in this case based on the premise they *lack* trademark rights in "Sabacc," then the Court should grant Defendants' Motion.

### C. Plaintiffs' Allegations of Fraud Fail to Satisfy FED. R. CIV. P. 9(b)

Plaintiffs contend to withstand a Rule 12(b)(6) motion to dismiss, they need only plead a "'short and plain' prayer for punitive damages [in Counts Six and Seven] that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." Doc. No. 34 at 17.

Even if Plaintiffs are correct[9], Plaintiffs' allegations of fraud are still implausible. That is because Plaintiffs do not allege factual allegations of fraud; instead, they recite the elements from § 3294 concerning punitive damages. *Compare* Doc. No. 1 at ¶ 68 ("In addition, Defendants are guilty of oppression, fraud, and malice within the meaning of Cal. Civ. Code § 3294"); *id*. at ¶ 72 (*same*); *with* CAL. CIV. CODE § 3294) (allowing recovery of punitive damages if "the defendant has been guilty of oppression, fraud, or malice […]"). Reciting elements from a statute, without any accompanying *factual* allegations, does not satisfy any pleading standard—Rule 8 or 9. *See, e.g.*, *Stephen G. Opperwall v. State Farm Fire and Casualty Co., et al.*, 2018 WL 1243085, *5 (N.D. Cal., Mar. 9, 2018). Accordingly, the Court should dismiss Counts Six and Seven, respectively.

Plaintiffs also contend their claim under the fraudulent prong of the UCL in Count Eight is

---

[9] *But see Espinoza v. Gentry Courts Home Owners Association, Antioch, Inc.*, 2017 WL 2311310, *6 (N.D. Cal., May 26, 2017) (plaintiff's allegations concerning punitive damages under § 3294 did not satisfy Rule 9(b)).

DEFENDANTS' MOTION TO                    - 13
DISMISS REPLY BRIEF                    -                    Case No. 3:17-cv-07249-MMC

not subject to Rule 9(b)'s heightened pleading standard because the claim is "grounded on a likelihood of confusion and not a unified course of fraud." Doc. No. 34 at 18. Plaintiffs are wrong; Rule 9(b) governs their claim under the fraudulent prong of the UCL. *See Hutchins v. Nationstar Mortgage LLC*, 2017 WL 4224720, *13 (N.D. Cal., Sept. 22, 2017) ("As for the 'fraudulent' prong, the UCL requires a showing that members of the public are likely to be deceived by the allegedly fraudulent practice. Additionally, however, claims under the 'fraudulent' prong of the UCL must be pled with particularity as to the circumstances constituting fraud or mistake"); *see also In re Yahoo! Customer Data Security Breach Litigation*, 2017 WL 3727318, *24 (N.D. Cal., Aug. 30, 2017) (*same*).

Here, Plaintiffs allege in Count Eight that Defendants' conduct is allegedly fraudulent because it is "unfair," "misleading, and "likely to deceive." Doc. No. 1 at ¶¶ 75, 77. These are not factual allegations; these are legal conclusions.. *See F.T.C. v. Stefanchik,* 2007 WL 4570879, at *1 (W.D.Wash. Feb. 15, 2007) (unfair, false and deceptive are legal conclusions); *In re Conagra Foods, Inc.*, 302 F.R.D. 537, 558 (C.D. Cal. 2014) (*accord*).

Moreover, Plaintiffs allege Defendants' conduct is unfair, misleading, and likely to deceive because it will allegedly cause consumers to "[b]eliev[e] they are playing a mobile game endorsed, supported, sponsored, or approved by, or affiliated, connected, or otherwise associated with, Plaintiffs." Doc. No. 1 at ¶ 75; *see also id*. at ¶ 77 (*accord*). These are not factual allegations; rather, "endorsed, support, sponsored, approved by, affiliated, connected, and associated" are elements of Plaintiffs' Section 43(a) claims. *See* 15 U.S.C. § 1125(a) ("is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person […]").

In short, Plaintiffs conclusory allegations and recitation of the elements from statutes falls

DEFENDANTS' MOTION TO
DISMISS REPLY BRIEF
- 14 -
Case No. 3:17-cv-07249-MMC

woefully short of pleading *factual* allegations that satisfy Rule 9(b)'s heightened pleading requirement. Accordingly, the Court should also dismiss Count Eight. *See Ortega v. Select Portfolio Servicing, Inc.*, 2018 WL 317795, *8 (C.D. Cal., Jan. 5, 2018).

### III. Conclusion

Based on the foregoing, as well as for the reasons in Defendants' Opening Brief, Defendants respectfully request that this Court: (i) grant Defendants' Motion, and (ii) award Defendants any further relief this Court deems just and equitable.

| | |
|---|---|
| Dated: March 22, 2018<br>New York, New York | Respectfully submitted,<br><br>ANDREWS KURTH KENYON LLP<br><br>By: */s/ James E. Rosini*<br>James E. Rosini (admitted *pro hac vice*)<br>Jonathan W. Thomas (admitted *pro hac vice*)<br>One Broadway<br>New York, New York 10004<br>Tel.: (212) 908-6169<br>Fax.: (212) 425-5288<br>jrosini@kenyon.com<br>jthomas@kenyon.com<br><br>Michael Zachary (SBN 112479)<br>1801 Page Mill Road, Suite 210<br>Palo Alto, CA 94304<br>Tel: (650) 384-4700<br>Fax: (650) 384-4701<br>mzachary@kenyon.com<br><br>*Counsel for all Defendants* |

### CERTIFICATE OF SERVICE

I hereby certify that, on March 22, 2018, the foregoing document, titled *Reply in Support of Defendants' Partial Motion to Dismiss Pursuant to* FED. R. CIV. P. *12(B)(6) and* FED. R. CIV. P. *9(B)*, was filed via ECF, which will send notification of such filing to Plaintiffs' counsel.

By: */s/ Jonathan W. Thomas*
Jonathan W. Thomas

*Counsel for all Defendants*