1  Cynthia S. Arato (State Bar No. 156856)
   Fabien M. Thayamballi (State Bar No. 284752)
2  SHAPIRO ARATO LLP
   500 Fifth Avenue, 40th Floor
3  New York, New York 10110
   Tel.: (212) 257-4880
4  Fax.: (212) 202-6417
   carato@shapiroarato.com
5
   Counsel for Plaintiffs Lucasfilm Ltd. LLC
6  and Lucasfilm Entertainment Company Ltd. LLC

7
                    UNITED STATES DISTRICT COURT
8
                    NORTHERN DISTRICT OF CALIFORNIA
9
                         SAN FRANCISCO DIVISION
10

11  Lucasfilm Ltd. LLC and Lucasfilm
    Entertainment Company Ltd. LLC,
12                                              Case No.  3:17-cv-07249-RS
                    Plaintiffs,
13                                              **PLAINTIFF LUCASFILM LTD. LLC'S**
        v.                                      **MOTION FOR PARTIAL SUMMARY**
14                                              **JUDGMENT ON COPYRIGHT**
    Ren Ventures Ltd. and Sabacc Creative       **INFRINGEMENT**
15  Industries Ltd.,
                                                **Hearing:   June 14, 2018 at 1:30 p.m.**
16                  Defendants.

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT/STATEMENT OF ISSUES ....................................................... 1

FACTUAL BACKGROUND ................................................................................................... 2

    A.    Lucasfilm's Copyrights ............................................................................................ 2

    B.    Defendants' Infringement And Refusal To Stop Infringing Lucasfilm's Copyrights ................................................................................................................ 3

ARGUMENT ............................................................................................................................ 6

    I.    THE UNDISPUTED FACTS DEMONSTRATE DEFENDANTS' COPYRIGHT INFRINGEMENT ............................................................................ 6

        A.    It Is Undisputed That Lucasfilm Owns Its Copyrights ........................................... 6

        B.    It Is Undisputed That Defendants Have Copied Protectable Elements Of Lucasfilm's Works .................................................................................................. 6

        C.    Summary Judgment Is Properly Awarded Given The Striking Similarity ............. 7

    II.    DEFENDANTS ARE WILLFUL INFRINGERS ......................................................... 8

CONCLUSION ......................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Stallone,*
  No. 87-0592 WDKGX, 1989 WL 206431 (C.D. Cal. April 25, 1989) ..................... 7

*Apple Computer, Inc. v. Formula Int'l Inc.,*
  725 F.2d 521 (9th Cir. 1984) ................................................................................... 6

*Classical Silk, Inc. v. Dolan Grp., Inc.,*
  No. CV 14-09224-AB (MRWx), 2016 WL 7638113 (C.D. Cal. 2016) ................... 6

*DC Comics v. Towle,*
  802 F.3d 1012 (9th Cir. 2015) ................................................................................. 7

*Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.,*
  654 F.3d 989 (9th Cir. 2011) ................................................................................... 6

*Michaels v. Internet Entm't Grp., Inc.,*
  5 F. Supp. 2d 823 (C.D. Cal. 1998) ......................................................................... 7

*Narell v. Freeman,*
  872 F.2d 907 (9th Cir. 1989) ................................................................................... 7

*Olson v. Nat'l Broad. Co., Inc.,*
  855 F.2d 1446 (9th Cir. 1988) ................................................................................. 7

*Peer Int'l Corp. v. Pausa Records, Inc.,*
  909 F.2d 1332 (9th Cir. 1990) ................................................................................. 8

*Sanrio, Inc. v. Ronnie Home Textile, Inc.,*
  No. CV 14-06369-RSWL-JEMx, 2016 WL 5956096 (C.D. Cal. Jan. 5, 2016) ....... 8

*Spencer Promotions, Inc. v. 5th Quarter Enters. Inc.,*
  No. C-94-0988 CW, 1996 WL 438789 (N.D. Cal. Feb. 21, 1996) .......................... 9

*Unicolors, Inc. v. Urban Outfitters, Inc.,*
  853 F.3d 980 (9th Cir. 2017) ........................................................................... 6, 7, 8

*Wall Mountain Co. v. Edwards,*
  No. C 08-2579 PVT, 2010 WL 4940778 (N.D. Cal. Nov. 30, 2010) ...................... 8

*Warner Bros. Home Entm't Inc. v. Jimenez,*
  No. CV 12-9160 FMO JEMx, 2013 WL 3397672 (C.D. Cal. July 8, 2013) .......... 9

**Statutes**

17 U.S.C. § 410(c) .......................................................................................................... 6

**PLEASE TAKE NOTICE** that Plaintiff Lucasfilm Ltd. LLC ("Lucasfilm") will move the Honorable Richard Seeborg, United States District Judge for the United States District Court, Northern District of California, on June 14, 2018 at 1:30 p.m. at the San Francisco Courthouse, Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, for an order granting partial summary judgment on Lucasfilm's claim for copyright infringement against Defendants Sabacc Creative Industries Ltd. ("SCI") and Ren Ventures Ltd. ("RV").

Lucasfilm seeks partial summary judgment that Defendants are liable for copyright infringement and willful copyright infringement.

### **PRELIMINARY STATEMENT/STATEMENT OF ISSUES**

Lucasfilm is the owner of the famous *Star Wars* franchise. The elements of the franchise, including its fanciful characters, extraterrestrial locations, alien creatures, spaceships, and games, have captivated fans since 1977.

One element of the Star Wars franchise is "Sabacc." Sabacc is the legendary card game through which *Star Wars* character Han Solo won his iconic spaceship, the *Millennium Falcon*. Lucasfilm created Sabacc and gave it its distinctive name. It is an element of the *Star Wars* franchise that helps frame the *Star Wars* story.

In 2016, Defendants began exploiting a mobile game app that offers a digital version of Lucasfilm's Sabacc card game. Defendants designed their app, and named it Sabacc, to exploit Sabacc's association with *Star Wars*. In a further effort to trade off Lucasfilm's goodwill, Defendants also tie Sabacc to *Star Wars* in the marketing of their unauthorized game. For example, Defendants' press release introduced their product as follows:

> With new life being pumped into the franchise and characters from a galaxy far, far away, interest in the ways of the Force has never been stronger. However, while some fans have been dusting off their memorabilia, many more have begun partaking in the most skillful game of chance in the galaxy, courtesy of Sabacc Creative, a gaming conglomerate of the Trade Federation.

(Declaration of Cynthia S. ("Arato Decl.") Ex. A at 1). As part of this marketing strategy,

Defendants also copy and display copyrighted elements from *Star Wars* motion pictures in promotions for their unlawful game.

While Lucasfilm asserts in this action copyright, trademark, and unfair competition claims against Defendants, this motion is a narrow one seeking summary judgment only on Lucasfilm's claim for copyright infringement (Count One of the Complaint) and a ruling that Defendants have infringed Lucasfilm's copyrights willfully.

Lucasfilm is entitled to partial summary judgment on its copyright claim because it is undisputed that (1) Lucasfilm is the copyright owner of the *Star Wars* works that Defendants have infringed, and (2) Defendants slavishly copied still images, characters, and dialogue straight out of Lucasfilm's works, such that Defendants' materials are "striking similar"—in fact, mainly identical—to Lucasfilm's copyrighted content as a matter of law.  This Court also should find that Defendants are willful infringers because they continued their infringement even after Lucasfilm notified Defendants and demanded that they cease their infringing conduct.

## FACTUAL BACKGROUND

A.   **Lucasfilm's Copyrights**

Lucasfilm is the registered owner of the following copyrights, covering three works in the *Star Wars* franchise which are relevant to this Motion.

| Name | Copyright Registration | Relevant Elements | Relevant Dialogue | Exhibits |
| --- | --- | --- | --- | --- |
| *Star Wars Episode V: The Empire Strikes Back* (1980 motion picture; 2006 DVD) | PA 72-282; PA 1-337-226 | Lando Calrissian; *Millennium Falcon* | "You've got a lot of guts coming here, after what you pulled." -Lando | Arato Decl. Ex. B (registration); Declaration of Gary Lim ("Lim Decl.") Ex. A (deposit copy) |

| | | | | |
|---|---|---|---|---|
| *Star Wars Episode VI: Return of the Jedi* (1983 motion picture) | PA 172-810 | Lando Calrissian; *Millennium Falcon* | "Many Bothans died to bring us this information." -Rebel leader Mon Mothma | Arato Decl. Ex. C (registration); Lim Decl. Ex. B (deposit copy) |
| *Star Wars Rebels*, "Idiot's Array" (2015 episode of television series) | PA 2-011-445 | Lando Calrissian; Zeb | N/A | Arato Decl. Ex. D (registration); Lim Decl. Ex. C (deposit copy) |

Lucasfilm registered the copyright for each of the above motion pictures and television episode within five years of first publication. (Arato Decl. Exs. B-D). Each contains a clear copyright notice. (Lim Decl. Exs. A-C (back cover of packaging, front of discs, and/or beginning of video)).

**B.  Defendants' Infringement And Refusal To Stop Infringing Lucasfilm's Copyrights**

Each of the Defendants has admitted in judicial or administrative filings that it sells and markets the video card game called "Sabacc" at issue in this action. (Arato Decl. Ex. E at 1-2 (RV admitting before the Trademark Trial and Appeal Board that Sabacc is RV's game and that RV markets the game); Dkt. 37 at 2-3 (Defendants admitting in Joint Case Management Statement that "Defendants have been using their SABACC mark in United States commerce" and that SCI markets a game under that mark)).

In the marketing of their mobile app, Defendants use copyrighted elements lifted without authorization from Plaintiffs' *Star Wars* works. Among other things, Defendants copy images, dialogue, and characters from Lucasfilm's copyrighted works on a Facebook page and a Twitter account. (Arato Decl. Exs. F-G).

1.  The Facebook page marketing Defendants' Sabacc app (www.facebook.com/

sabacccreative/) contains: (a) an image of Lando Calrissian from *The Empire Strikes Back*, combined with a caption that paraphrases dialogue from that motion picture (depicted below); and (b) an image of Zeb losing to Lando Calrissian at Sabacc from the *Star Wars Rebels* episode "Idiot's Array" (depicted below).  (Arato Decl. ¶¶ 4.1, 5, 10.1, Ex. F; *see also id.* ¶¶ 7.1, 10.2).

2. The Twitter page marketing Defendants' Sabacc app (https://twitter.com/sabacc_creative) contains (a) an illustration of Lando Calrissian wagering the *Millennium Falcon* on a game of Sabacc; (b) the same image of Zeb that appears on Defendants' Facebook page; and (c) a quotation from *Return of the Jedi*.  (Arato Decl. ¶¶ 4.1-4.2, 7.1-7.2, 8, 10.1-10.2).

Three examples of the above infringements are illustrated below.  The remaining examples are identified in the accompanying declarations.

| Defendants' Infringing Use | Lucasfilm's Copyright |
|---|---|
|  |  "You've got a lot of guts coming here, after what you pulled." -Lando Calrissian, *Star Wars Episode V: The Empire Strikes Back* |
|  |  *Star Wars Rebels*, "Idiot's Array" |

| | |
|---|---|
|  | "Many Bothans died to bring us this information." <br><br> -Mon Mothma, *Star Wars Episode VI: Return of the Jedi* |

On April 28, 2017, counsel for Lucasfilm sent a cease and desist letter to Defendants. Among other things, the letter stated that "Lucasfilm owns all trademark, copyright, and other intellectual property rights in the iconic STAR WARS franchise" and demanded that Defendants immediately discontinue, among other things, their advertising and marketing of the Sabacc app using Lucasfilm's intellectual property.  (Arato Decl. Ex. H at 1-3).  Counsel for Ren Ventures responded by letter dated May 10, 2017, denying any trademark infringement and ignoring its use of Lucasfilm's copyrights.  (*Id.* Ex. I).  On December 21, 2017, Lucasfilm filed suit against Defendants, asserting claims for copyright infringement, trademark infringement, unfair competition, and cancellation of Defendants' trademark registration.  (Dkt. 1).  Despite Lucasfilm's cease and desist letter and its filing of this action, Defendants continue to use the above Lucasfilm materials on their Facebook and Twitter pages.  (Arato Decl. ¶¶ 12-13).

<u>ARGUMENT</u>

**I.   THE UNDISPUTED FACTS DEMONSTRATE DEFENDANTS' COPYRIGHT INFRINGEMENT**

To prove Defendants' copyright infringement, Lucasfilm need only demonstrate "(1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (internal quotation marks omitted).

**A.  It Is Undisputed That Lucasfilm Owns Its Copyrights**

Lucasfilm is the registered copyright owner of the *Star Wars* motion pictures and

television episode listed above. (*See supra* at 2-3). Lucasfilm's copyright registrations for these works, registered within five years of first publication, are self-authenticating and *prima facie* evidence of Lucasfilm's copyrights. See 17 U.S.C. § 410(c); *Apple Computer, Inc. v. Formula Int'l Inc.*, 725 F.2d 521, 523 (9th Cir. 1984), *abrogated on other grounds by Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 994-95 (9th Cir. 2011); *Classical Silk, Inc. v. Dolan Grp., Inc.*, No. CV 14-09224-AB (MRWx), 2016 WL 7638113, at *1 n.2, *7 (C.D. Cal. 2016), *reconsideration denied*, 2016 WL 7637668 (C.D. Cal. Mar. 1, 2016). Nothing exists to rebut that evidence.

### B. It Is Undisputed That Defendants Have Copied Protectable Elements Of Lucasfilm's Works

Defendants blatantly copied from Lucasfilm's works. Indeed, each of the images, elements, characters, and dialogue that Defendants coopted for their marketing campaign are lifted directly from Lucasfilm's famous *Star Wars* works.

Defendants unquestionably copied these elements from Lucasfilm. There is no other explanation and no possibility of independent creation. Defendants' own images thus establish Defendant's copying as matter of law. *See, e.g.*, *Unicolors*, 853 F. 3d at 984-88 (a plaintiff may demonstrate a defendant's copying by showing that the defendant's work is "strikingly similar" to the plaintiff's work; works are strikingly similar when they have similarity "of a type which will preclude any explanation other than that of copying") (internal quotation marks omitted).

Moreover, the elements of Lucasfilm's works that Defendants have copied are protectable. Defendants have copied distinct characters, elements, dialogue, images, and scenes from *Star Wars*. *See, e.g.*, *Michaels v. Internet Entm't Grp., Inc.*, 5 F. Supp. 2d 823, 831 (C.D. Cal. 1998) ("display of still images from [a video] on the Internet would . . . conflict with rights conferred exclusively on plaintiffs by the Copyright Act"); *Olson v. Nat'l Broad. Co., Inc.*, 855 F.2d 1446, 1452 (9th Cir. 1988) (explaining that "copyright protection may be afforded to characters visually

depicted in a television series or in a movie" and citing "characters in the movie 'Star Wars'" as an example of characters that are protected from infringement); *DC Comics v. Towle*, 802 F.3d 1012, 1019-23 (9th Cir. 2015) (copyrightable characters include distinctive fictional vehicles); *Narell v. Freeman*, 872 F.2d 907, 911-12 (9th Cir. 1989) (a "unique line or stanza" is protectable).

### C. Summary Judgment Is Properly Awarded Given The Striking Similarity

Although summary judgment is not often granted on similarity issues, where the works at issue are strikingly similar, the Ninth Circuit in *Unicolors* instructed district courts to grant summary judgment for the plaintiff to give effect to Federal Rule of Civil Procedure 56. *See Unicolors*, 853 F. 3d at 987; *Anderson v. Stallone*, No. 87-0592 WDKGX, 1989 WL 206431, at *8 (C.D. Cal. Apr. 25, 1989) (finding infringement on summary judgment because author of treatment had lifted characters "lock, stock, and barrel" from three Rocky films). As the Ninth Circuit explained:

> Where the . . . similarity is so strong that the works are near duplicates save for superficial differences, the court may properly conclude that no reasonable jury could find that the works are not substantially similar . . . .
>
> Allowing district courts to grant summary judgment for plaintiffs in copyright cases plays an important role in preserving the effect and weight of Rule 56. When the works are so overwhelmingly identical that the possibility of independent creation is precluded, there is simply no genuine dispute as to any material fact. . . . If courts were never permitted to grant summary judgment in favor of plaintiffs on the issue of copying, even for identical works, the effect of Rule 56 would be substantially diluted.

*Unicolors*, 853 F.3d at 987 (internal quotation marks and citations omitted). Where, as here, the defendants' works are clear copies of the plaintiff's copyrighted content, *Unicolors* directs that summary judgment should be entered in favor of the plaintiff.

## II. DEFENDANTS ARE WILLFUL INFRINGERS

A defendant is a willful infringer where (1) it "was actually aware of the infringing activity," or (2) its "actions were the result of reckless disregard for, or willful blindness to, the

copyright holder's rights." *Unicolors*, 853 F.3d at 991 (internal quotation marks omitted).

Courts do not hesitate to find willfulness on summary judgment where a defendant continues to infringe after receiving a plaintiff's notice of infringement. *See Sanrio, Inc. v. Ronnie Home Textile, Inc.*, No. CV 14-06369-RSWL-JEMx, 2016 WL 5956096, at *8-9 (C.D. Cal. Jan. 5, 2016) (finding defendant willful on summary judgment where defendant continued to sell products featuring plaintiff's characters after receiving plaintiff's cease and desist letter); *Wall Mountain Co. v. Edwards*, No. C 08-2579 PVT, 2010 WL 4940778, at *2 (N.D. Cal. Nov. 30, 2010) (finding defendant willful on summary judgment where defendant continued to sell at least some of the DVDs at issue after being notified of plaintiff's claims, which constituted, at a minimum, reckless disregard for the possibility that defendant was infringing plaintiff's copyrights). *See also Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335-36 (9th Cir. 1990) (upholding finding of willful infringement on summary judgment where defendant continued to exploit plaintiff's material after receiving notice of license revocation).

Defendants' infringement is willful. As an initial matter, Defendants' press releases concede their knowledge of Lucasfilm's works. (Arato Decl. Ex. J (labeling their product "the Card Game of the Star Ward [*sic*] Universe" and admitting that Sabacc was "[p]opularised by the Star Wars universe"); *see also id.* Ex. A (making repeated references to fictional elements and expressions from *Star Wars*)). Each of Lucasfilm's works contains a clear copyright notice. (Lim Decl. Exs. A-C). These two facts, standing alone, are sufficient to establish Defendants' willfulness. *See Warner Bros. Home Entm't Inc. v. Jimenez*, No. CV 12-9160 FMO JEMx, 2013 WL 3397672, at *2 (C.D. Cal. July 8, 2013); *Spencer Promotions, Inc. v. 5th Quarter Enters. Inc.*, No. C-94-0988 CW, 1996 WL 438789, at *6 (N.D. Cal. Feb. 21, 1996). Any doubt of Defendants' willfulness ended when Lucasfilm sent its cease and desist letter to Defendants on April 28, 2017 and filed suit on December 21, 2017. Despite this clear notice of infringement,

Defendants have refused to take down their infringing marketing materials.  For this reason, Defendants are willful infringers as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court should grant partial summary judgment in favor of Lucasfilm and against Defendants on Lucasfilm's claim of copyright infringement and Defendants' willfulness.

Dated:      New York, New York
            May 9, 2018

SHAPIRO ARATO LLP

By: /s/ Cynthia S. Arato
Cynthia S. Arato
(State Bar No. 156856)
Fabien M. Thayamballi
(State Bar No. 284752)
500 Fifth Avenue, 40th Floor
New York, NY 10110
Tel:  (212) 257-4880
Fax:  (212) 202-6417
carato@shapiroarato.com

*Counsel for Plaintiffs Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC*